Toomey, J.
The plaintiff TWL Holding Co., Inc. (“TWL”) brought this G.L.c. 93A action against the defendant Andre ter Haar (“ter Haar”) for fraudulent misrepresentation arising from the defendant’s sale of his stock in a corporation to the plaintiff. This matter is before this Court on the defendant’s motion to dismiss on the grounds of forum non conveniens. G.L.c. 223A, §5. For the following reasons, the defendant’s motion to dismiss is ALLOWED.
BACKGROUND
The plaintiff TWL Holding Co., Inc. is a Massachusetts corporation with a usual place of business in Massachusetts. The defendant ter Haar is a resident of Florida and, until December 31, 1993, was the owner of 100% of the issued and outstanding capital stock of TWL Industries, Inc. (“Corporation”), a Florida corporation doing business in Florida. In August 1993 the parties began negotiating the sale of the Corporation to the plaintiff. At the beginning of the negotiations, the plaintiffs president, Albert Cook (“Cook”) visited the Corporation’s facilities in Florida. Subsequently, negotiations were carried out between Cook in Massachusetts and the defendant in Florida by means of mail, telephone, and facsimile machine. The plaintiff alleges that during the course of these negotiations, the defendant made a number of material fraudulent misrepresentations to the plaintiff, such as overstating the value of the Corporation’s inventory.
The parties reached an agreement, which was memorialized through a Stock Transfer Agreement, a Security Agreement, a Commercial Lease Agreement, and a Non-competition Agreement, all dated December 31, 1993 and executed in Florida. Pursuant to the agreement, the defendant transferred ownership in the Corporation’s stock to the plaintiff in exchange for cash and a promissory note, secured by the Corporation’s assets. The defendant retained ownership of the property in which the Corporation was located and agreed to lease the premises (“leased premises”) to the plaintiff. Section VIII(8) of the Security Agreement provides it “shall be interpreted in accordance with the laws of the State of Florida in force at the date of this Agreement.”
Subsequently, the plaintiff discovered the alleged misrepresentations and filed the present action. After further negotiations, the parties executed a Compromise and Settlement Agreement (“Compromise”), dated June 16, 1994. Pursuant to the Compromise, the parties executed a Release, also dated Jeme 16, 1994, which released the defendant from any liability arising from the sale of stock to the plaintiff or the present lawsuit.
The Compromise broke down after the plaintiff allegedly failed to comply with its terms and the defendant evicted the plaintiff from the leased premises. The plaintiff then proceeded with the present action against the defendant.
DISCUSSION
A Massachusetts court may dismiss an action “[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum ...” G.L.c. 223A §5. The court may base dismissal on “any conditions that may be just.” Id. “The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.” Gulf Oil Corp. v. Gilbert, 330 U.S. 501,507 (1947). “A decision whether to dismiss an action under the doctrine of forum non conveniens involves the discretion of the motion judge, cannot be made by applying a universal formula, and depends greatly on the specific facts of the proceeding before the court.” W.R. Grace & Co. v. Hartford Accident & Indemnity Co., 407 Mass. 572, 577 (1990), citing Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303, 316 (1933).
Private and public factors should be considered in deciding whether to dismiss an action on grounds of forum non conveniens. Gulf Oil supra at 508-09; New Amsterdam Casualty Co. v. Estes, supra at 95-96 (1967); W.R. Grace, supra at 578. Private factors include the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of viewing the premises at issue; the enforceability of a judgment if one is obtained; and the other practical problems of a trial where much of the evidence lies outside the state of the sitting court. Gulf Oil supra at 508. Public factors include the administrative difficulties of dealing with a case that has its origins in another state; imposition of jury duty on a community with little or no relation to the action; the interest of deciding local controversies at home; and the desirability of having a trial in a *168 forum familiar with the applicable state law. Id. at 508-09.
In this case, both private and public factors weigh heavily in favor of dismissal. The defendant is a Florida resident with little or no contact with Massachusetts. While the plaintiff is incorporated in and has a principal place of business in Massachusetts, it also does business in Florida through the Corporation. The documents memorializing the parties’ contract were executed in Florida. The dispute between the parties arose when the plaintiff discovered alleged misrepresentations regarding the Corporation’s inventory, which is located in Florida. The alleged misrepresentations were made by the defendant in Florida to the plaintiff in Massachusetts, and are evidenced by mail and fax correspondence, which can be presented with equal ease in either forum. The plaintiffs president and the defendant will most likely be the main witnesses for the trial. Clearly, the defendant will face greater inconvenience in travelling to Massachusetts for the sole purpose of litigating this case than the plaintiffs president would face in travelling to Florida, since the plaintiff already does business in that state. With respect to public factors, there is little reason for the Commonwealth to expend judicial resources on a case involving the sale of a Florida corporation which was executed, performed, and allegedly breached in Florida. Moreover, the applicable law, at least with respect to the Security Agreement, is Florida law, which is best left to the Florida courts.
Under these circumstances, this Court declines to exercise jurisdiction over the present case. Accordingly, the defendant’s motion to dismiss the plaintiffs claim on the grounds of forum non conveniens is ALLOWED.[1]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss the plaintiffs claim on the grounds of forum non conveniens is ALLOWED.

The defendant also moves to dismiss for failure to state a claim, Mass.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment. Mass.R.Civ.P. 56. The defendant con-, tends that this action is barred by the Release. The plaintiff responds that under the terms of the Compromise, the Release became void when the defendant evicted the plaintiff from the leased premises. Both parties have submitted affidavits and other documents in support of their claims. This Court need not address the parties’ arguments, since it has declined jurisdiction over this case.